Judge Tucker,
after stating the case, proceeded : In the case of Carr's Executors v. Anderson,(a) the paper offered in evidence as an inventory and appraisement oi Barbara Carr's estate, did not appear to have been signed by the executor, nor submitted to the Court and ordered to be recorded. It was therefore the unanimous opinion of this Court, that it was not proper to be admitted as evidence. In the case of Anderson and Starke v. Fox and others,(b) I was of opinion that an executor’s account appearing to have been submitted to, and settled by commissioners appointed by the Court in which the will was proved, ought to be taken as prima facie evidence of the several charges and credits therein contained; but that any person interest-, ed therein might be at liberty to surcharge and falsify the, same, if capable of producing satisfactory evidence to that purpose. For the reasons which then occurred to me in support of that opinion, I beg leave to refer to the book, and to the authorities there cited, viz. 2 Ves. 566. Pitt v. Cholmondely, and 2 Bro. Ch. Ca. 62, Brownel v. Brownel. I will beg leave to acid a further reason in support of that *256 opinion. By our law both executors and administrators are bound in an obligation to make a true and perfect inventory of their testator’s or intestate’s estates, and to exhibit the same, when required\ to the Court; and to administer the same according to law; and make a just and true account of their actings and doings therein, 8tc-The executor may certainly, without being required, ex-hibithis accounts to the Court for settlement, because, being-bound by obligation in a heavy penalty, to do so when required, he ought to be permitted to do so without being required. The Court are to proceed to have the accounts duly examined and settled. To this end the inventory and appraisement (where the latter is required) must be considered as preliminary requisites and necessary vouchers. And when the Court has referred them to commissioners to examine, state, and settle, who report (as in the present case) that they have examined the account and vouchers to them submitted and closed the account, which is afterwards certified to have been examined and allowed by the Court and ordered to be recorded ; can there be a doubt that a copy of the account so exhibited., examined., allowed, and admitted to record by the proper tribunal, wou!&pri?nafacie be so far conclusive evidence, in favour of the executor, in an action brought upon his official bond, as to shift the burden of proof, as to any thing which might surcharge or falsify such account, from the executor to the plaintiff, according to the authorities last referred to ? I conceive not, and therefore think the judgment of the County Court correct, and that of the District Court erroneous.
There are two other grounds on which I think this judgment erroneous. First, this was a joint covenant entered into before the act concerning joint rights and obligations, and it appears by the declaration that Johnson Smith,one- of the covenantors, survived Atwell, against whose administrators the suit was brought, which brings the case within that of Lyell v. Elliot,(a) and of Johnson v. Richardson,(b) and Harrison v. Field.(c) But even if Atwell had been alive, and the suit brought against him alone, instead of his *257 administrators, the obligation being joint, and Johnson Smith appearing to be still alive, the omitting to sue him, as well as the other, would have been error, according to the decision of this Court in Leftwich v. Berkeley (a) and several other cases decided on the same grounds. 1 therefore think that the judgment of the District Court should be reversed, and that of the County Court affirmed.
Judge Roane.
As the declaration in this case is radically defective in not setting out a sufficient cause of action, I should be for sustaining the judgment for the appellants, even if the County Court had erred in givingt he instruction to the Jury, which is excepted to. The declaration is radically defective in this, that being upon a joint covenant, it ought to have stated the survivorship of the appellants’ intestate : but, on the contrary, it rather states, or admits, the survivorship o£ Smith, th other covenantor; and, if so, the action was for ever gone against the representatives •of Atwell.
With respect to the instruction given to the Jury, the settlement before the commissioners of Prince William Court, was prima facie evidence of a full administration. JBeiore those commissioners the inventory was produced by the appellants. This is not expressly stated in the account rendered ; but, being the natural course of business, it will be intended : it is therefore unnecessary for an executor, after the inventory has been exhibited before the commissioners, to produce it again on the trial. On the other hand, the inventory and appraisement may be given in evidence against an executor, or by him where no settlement has been made before commissioners, or, in his discretion, even where such settlement has been made, but the executor objects to be bound by the appraised value of the estate. In the present case, however, it would have been an act of supererogation in the executor to have done it, as the estate was found indebted to him ; and I am of opinion, on both grounds, that the judgment of the 'District *258 Court should be reversed, and that of the County Court affirmed.
Judge Fleming.
Two questions seem to be presented in this case ; 1st. Whether an action of covenant could lie against the administrators of Atwell, during the life of Smith, the other joint covenantor ? and, 2dly. Whether the account of the administration of Thomas Atwell's estate, made before commissioners under an order of Prince William Court, and there examined, allowed, and admitted to record, was not proper evidence on the issue of pleneadministravit P
With respect to the first point, it seems to me very doubtful whether the action could be maintained ; and I am inclined to think that it could not; but, as the other point seems clearly in favour of the appellants, I have not given it a mature consideration.
As to the other point, the administration account, duly examined and admitted to record j is, prima facie, good evidence ; and the reason given by the District Court, why it ought not to have been admitted, is the want of copies of the inventory and appraisement of the estate of the intestate to support it. The inventories and appraisements are, by law, required to be made and returned to Court, there to remain for the inspection of creditors, and others, who may be affected by, or interested in, them ; but it is not customary, nor is it necessary, that they should be exhibited with the accounts returned to Court and admitted to record, when they are offered in evidence, which ought to be conclusive, unless there be some errors or error pointed out by the adverse party, and particularly excepted to : And, that not having been done in the case before us, where a large balance appears in favour of the administrators, the account was properly admitted to go as evidence to the Jury on the issue of plene administravit; and I, therefore, concur in the opinion, that the judgment of the District Court be reversed, and that of the County Court affirmed.

 2 Hen. & Munf. 36l.

 Ibid. 245.

MS. Rep.

 2 Call, 527.

 2 Wash. 136.

 1 Hen. & Munf. 61.